UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

December 29, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Raina S. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 22-3245-CDA

Dear Counsel:

On December 16, 2022, Plaintiff Raina S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 9), Plaintiff's Motion for Summary Judgment (ECF 12), Defendant's responsive brief (ECF 19), and Plaintiff's reply brief (ECF 20).[2] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's Motion for Summary Judgment and AFFIRM the SSA's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on February 6, 2020, alleging a disability onset of January 26, 2020. Tr. 17, 252–65. Plaintiff's claims were denied initially and on reconsideration. Tr. 159–64, 172–83. On May 6, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 41–65. Following the hearing, on June 3, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[3] during the relevant time frame. Tr. 14–40. The Appeals Council denied Plaintiff's request for review,

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on December 16, 2022. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] Standing Order 2022-04 directs parties to file briefs, rather than motions for summary judgment, in Social Security cases. *See* Standing Order 2022-04, No. 00-308 (D. Md. Nov. 30, 2022). Here, Plaintiff filed a Motion for Summary Judgment and Defendant filed a brief. *See* ECFs 12, 19. Plaintiff's counsel is directed to comply with Standing Order 2022-04 in future filings.

[3] 42 U.S.C. §§ 301 et seq.

Tr. 4–11, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 26, 2020, the alleged onset date." Tr. 20.  At step two, the ALJ found that Plaintiff suffered from severe "post-traumatic stress disorder, bipolar disorder, lumbar spine degenerative disc disease, and sensory neuropathy." Tr. 21.  The ALJ also determined that Plaintiff suffered from "the non-severe impairments of a knee sprain and meniscus issue, contusion of the right knee, fibula fracture, a right ankle sprain, a great toe fracture, a history of substance use disorders, . . . hypoglycemia, hyperglycemia, and a history of chronic obstructive pulmonary disease." *Id.*  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except lift and carry twenty pounds occasionally and ten pounds frequently; standing six hours in an eight-hour workday; sitting six hours in an eight-hour workday; should not use the lower extremities for pushing or operating any kind of controls; occasionally crawl, crouch, kneel, and stoop; frequent balancing; frequent climbing of ramps and stairs; never climb ladders, ropes, and scaffolds; must avoid more than occasional exposure to concentrated vibrations, fumes, odors, gas, and poor ventilation; no exposure to hazardous machinery; is capable of understanding and remembering simple instructions; using judgment to make simple, work-related decisions; carrying out simple instructions; cannot perform work requiring a specific production-rate, such as assembly or hourly quotas; and is capable of dealing with frequent changes in a routine work setting.

Tr. 25–26.  The ALJ determined that Plaintiff had no past relevant work but could perform other jobs existing in significant numbers in the national economy.  Tr. 32–33.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 34.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached by applying the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

On appeal, Plaintiff argues that the ALJ's decision is unsupported by substantial evidence because the ALJ failed to properly evaluate treatment notes prepared by Dr. Robin Medic which state that Plaintiff "needs to wear a lumbar spine orthosis when standing and walking[.]" ECF 12-1, at 1. Because the ALJ did not explore how Plaintiff's need for this assistive device "affects the RFC," Plaintiff avers that the ALJ's failure to evaluate Dr. Medic's treatment notes as a medical opinion was harmful. *Id.* at 10. Defendant counters that, because Dr. Medic's treatment notes did not constitute a medical opinion, the ALJ was not required to assess the persuasive value of the treatment notes. ECF 19, at 5–9.

The SSA defines a "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in" four abilities: (1) the ability to "perform [the] physical demands" of work activities; (2) the ability to "perform [the] mental demands" of work activities; (3) the ability to "perform other demands" of work; and (4) the ability to "adapt to environmental conditions, such as temperature extremes or fumes." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). An ALJ is required to "articulate . . . how persuasive [they] find all of the medical opinions" in a claimant's case record using a set of factors. 20 C.F.R. §§ 404.1520c, 416.920c. No such articulation requirement exists, however, for "[o]ther medical evidence," which is "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

As background, Plaintiff met with Dr. Medic on August 13, 2021 for an initial evaluation related to lower back pain and leg pain. Tr. 1300. In her treatment notes, Dr. Medic stated that she "spoke with [Plaintiff] extensively [about] treatment options that are available for their specific ailment" and that Plaintiff "was agreeable with the plan." Tr. 1303. Dr. Medic prescribed the wearing of a "[l]umbar spine orthosis" to "reduce pain by restricting mobility of the trunk." *Id.* She further noted that the orthosis would "provide comfort and support with standing and walking

activities" and was to be "used no longer than 1-2 hours at a time for a total of 4-6 hours in a day. The brace is to be worn over a layer of clothing and should not be worn while sleeping." *Id.* In their decision, the ALJ determined that Plaintiff possessed severe lumbar spine degenerative disc disease. Tr. 21. However, the ALJ did not assign any explicit weight to Dr. Medic's treatment notes. On appeal, Plaintiff contends that the ALJ erred by "fail[ing] to evaluate Dr. Medic's medical opinion that Plaintiff needs to wear a lumbar spine orthosis[.]" ECF 12-1, at 10.

Defendant contends that Dr. Medic's treatment notes do not constitute a medical opinion because they do not concern Plaintiff's limitations or restrictions in performing work. ECF 19, at 7–8. In response, Plaintiff cites recent Fourth Circuit precedent for the proposition that a source's recommendation of an "assistive device for walking" properly constitutes a "medical opinion" under SSA regulations. ECF 20, at 1–2 (citing *Oakes v. Kijakazi*, 70 F.4th 207 (4th Cir. 2023)). In *Oakes*, the Fourth Circuit held that an ALJ failed to properly evaluate a physician's statement that a claimant "should use an ambulatory device." *Oakes*, 70 F.4th at 213. Although the court recognized that the physician's treatment record "offer[ed] little direct or explicit explanation underpinning the recommendation of an ambulatory device's use," the court held that the source's "ambulatory-device recommendation," premised on objective evidence of "multi-level disk disease," necessitated an assessment that complied with the process for evaluating medical opinions set forth at 20 C.F.R. §§ 404.1520c and 416.920c. *Id.* at 212–13.

Nevertheless, *Oakes* is distinguishable. There, the treating physician stated that the claimant could "walk independently" but "'appear[ed]' to need 'an assistive device' for 'both ambulation or balance' and 'may have difficulty with rough and uneven surfaces as well as inclines, declines or stairs.'" *Id.* at 218 (Rushing, J., dissenting). These statements constituted a "medical opinion" because they concerned what the claimant in *Oakes* could "still do despite [their] impairments" as well as the claimant's "impairment-related limitations" in walking. 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). By contrast, the physician here did not determine that Plaintiff was limited in her ability to stand and/or walk without the aid of an assistive device. *See* Tr. 1300–05. Rather, Dr. Medic determined that a need to "reduce pain" and to "provide comfort and support with standing and walking activities" warranted Plaintiff's use of a lumbar spine orthosis. Tr. 1303. While Dr. Medic stated that the device could be worn for only "1-2 hours at a time [and] for a total of 4-6 hours in a day," she did not suggest that Plaintiff's *overall* ability to stand and/or walk was similarly limited. *Id.* For these reasons, the Court determines that Dr. Medic's treatment notes did not concern Plaintiff's ability to stand and/or walk despite her impairments and, therefore, did not constitute a medical opinion. *See* 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). Thus, the ALJ did not err by failing to assess the persuasiveness of Dr. Medic's treatment notes. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

While the ALJ was not required to evaluate the persuasiveness of Dr. Medic's statements, they were still required to consider them: an ALJ must "consider all evidence in [a] case record" in reaching a disability determination. *See* 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3). A review of their decision makes clear that the ALJ did so. In observing that Plaintiff "was prescribed a back brace," Tr. 27, the ALJ took note of Dr. Medic's prescription. Although they made no further comment regarding Dr. Medic's treatment notes, the ALJ further determined that "there was no

*Raina S. v. O'Malley*
Civil No. 22-3245-CDA
December 29, 2023
Page 5

evidence that [Plaintiff] used an assistive device for ambulation."[4]  Tr. 28.  As such, the Court is satisfied that the ALJ afforded adequate consideration to the lumbar spine orthosis recommended by Dr. Medic in reaching their decision.

Finding no error in the ALJ's assessment of the treatment notes prepared by Dr. Robin Medic, the Court will deny Plaintiff's Motion and affirm the SSA's judgment.

V.     **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 12, is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

[4] Plaintiff contends that this comment suggests that the ALJ "forg[o]t that Plaintiff [was] prescribed an assistive device[.]" ECF 12-1, at 10.  Because the ALJ explicitly noted Dr. Medic's back-brace prescription, Tr. 27, the Court disagrees and infers that the ALJ intended to state that Plaintiff did not *use* her prescribed back brace.